UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHELLE OLIVIERI,                          :
                    Petitioner,             :
                                            :                   PRISONER
            v.                              :        CASE NO. 3:09cv1209 (SRU)
                                            :
DONNA ZICKEFFOOSE,                          :
                    Respondent.             :

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Michelle Olivieri ("Olivieri"), an inmate confined at the Federal Correctional Institution

in Danbury, Connecticut ("FCI Danbury"), brings this petition pursuant to 28 U.S.C. § 2241

challenging the denial of early release for completion of the residential drug abuse treatment

program.  For the reasons that follow, the petition is denied.

**I.      Background**

In January 2005, Olivieri was arrested in New Hampshire on a state charge of robbery.

Approximately six months later, she was arrested on federal charges of distribution of cocaine

base.  In February 2006, Olivieri pled guilty and was sentenced to a term of imprisonment of

ninety months on the federal charges.  See Magnusson Decl., ¶ 3 & Ex. A.  In December 2006,

Olivieri pled guilty to the state robbery charge.  She was sentenced to a term of imprisonment of

not more that four years but not less than eighteen months to be served concurrently with her

federal sentence.  See Magnusson Decl., ¶ 5 & Ex. C.  In addition, Olivieri has thirty prior

convictions including three convictions for assault and battery on a police officer and one for criminal threatening when she threatened a juvenile with a knife. Olivieri's Presentence Investigation Report classifies her as a career offender for sentencing purposes and notes several restraining orders filed against her for placing victims in imminent fear of serious physical harm. See Magnusson Decl., ¶ 6.

The Federal Bureau of Prisons ("BOP") operates several Residential Drug Abuse Programs ("RDAP") pursuant to 18 U.S.C. § 3621(b) and (e). An inmate who successfully completes all phases of the program and meets all other eligibility requirements may receive early release of up to twelve months pursuant to 18 U.S.C. § 3621(e)(2)(B). Olivieri was accepted into the RDAP but acknowledged, on December 12, 2008, that she was not eligible for early release. See Magnusson Decl.,¶ 7 & Ex. D.

On December 29, 2008, Olivieri submitted an Administrative Remedy form to the warden. She argued that a previous detainer had been removed and the convictions for robbery, assault and battery, and criminal threatening were non-violent crimes because she did not use a weapon. The respondent denied the administrative claim because, according to BOP policy, Olivieri's prior adult conviction for robbery precluded early release eligibility. See Magnusson Decl., ¶ 10 & Ex. E.

On appeal to the Regional Office, Olivieri argued that, because her state conviction for robbery occurred after she was sentenced on her federal crimes, the state conviction cannot be considered a "prior conviction." The Regional Director denied the appeal, stating that BOP policy and federal regulations preclude early release for any inmate whose offense history contains a felony or misdemeanor conviction for robbery. See Magnusson Decl., ¶ 11 & Ex. F.

2

Olivieri appealed the denial to the Central Office, repeating her contention that the state conviction occurred after her federal conviction.  The Central Office denied the appeal and informed Olivieri that the BOP considers any conviction other than the current federal conviction to be a prior conviction for purposes of assessing eligibility for early release.  See Magnusson Decl.,¶ 12 & Ex. G.

## II.    Discussion

Olivieri challenges a correctional decision regarding a prison program.[1]  Thus, she properly brings her petition pursuant to section 2241.  See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).  Olivieri argues that she was improperly denied a one-year sentence reduction for completion of the RDAP.  The respondent argues that the petition should be denied.  Olivieri was afforded an extension of time, until January 25, 2010,  to reply to the respondent's arguments.  To date, she has neither filed a reply nor sought additional time within which to do so.

Habeas relief is warranted when a prisoner is held in custody in violation of the United States Constitution or federal laws or treaties.  See 28 U.S.C. § 2241(c)(3).  Olivieri has identified no constitutionally protected or federally mandated right to early release.  The federal statute creating the RDAP provides that early release is discretionary.  See 18 U.S.C. § 3621(e)(2)(B) (providing that term of imprisonment of inmate convicted of nonviolent offense "may be reduced" by period of up to one year after successful completion of RDAP).  Thus, completion of the RDAP does not automatically entitle Olivieri to early release.  See Lopez v.

---

[1]In her petition, Olivieri identifies the conviction under attack as her state conviction.  Her grounds for relief, however, indicate that she actually is challenging the BOP's determination that her state robbery conviction is a prior offense rendering her ineligible for early release.

Davis, 531 U.S. 230, 241 (2001) (upon completion of the RDAP, the BOP "has the authority, but not the duty, to authorize a reduction in the inmate's term of imprisonment).

Under 5 U.S.C. § 706(2)(A), a reviewing court must hold unlawful and set aside any agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Such review, however, is narrow in scope.  The court should not substitute its judgment for that of the agency.  Rather, the court should uphold agency action if the agency has examined the relevant data and has either set forth a satisfactory explanation, including a rational connection between the facts found and the choice made, or such connection may reasonably be discerned.  See Karpova v. Snow, 497 F.3d 262, 267-68 (2d Cir. 2007) (citing Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)), cert. denied sub nom., Karpova v. Paulson, 128 S. Ct. 2483 (2008).

The early release qualifications for the RDAP are set forth in Chapter 6 of BOP Directive 5330.10.  See Magnusson Decl., Ex. H.  To be eligible for early release, an inmate must not have any prior adult convictions for homicide, forcible rape, robbery, aggravated assault or child sexual abuse.  Id. at Chapter 6, p. 2; see also 28 C.F.R. § 550.55(b)(4).  "'Previous adult convictions' includes criminal convictions that occur at any time, prior to the inmate's § 3621(e) release date."  Magnusson Decl, Ex. H, Chapter 6, p. 2 .  Thus, the significant date is not the date of her federal conviction, as Olivieri argues, but the date she would be released from the RDAP.  The BOP denied Olivieri's request for early release because her state robbery conviction occurred prior to her § 3621(e) release date.

The Supreme Court has approved the BOP's interpretation of the regulation and directive.  In Lopez v. Davis, the Supreme Court upheld the constitutionality of 28 C.F.R. § 550.55 and the

4

BOP's practice of categorically excluding inmates from eligibility for early release based on their pre-conviction conduct.  530 U.S. at 244.  Here, the conduct giving rise to Olivieri's state conviction occurred before her federal conviction.  In addition, the BOP has applied these regulations to both state and federal convictions.  See, e.g., Hickerson v. Willingham, No. 3:06cv777(CFD), 2006 WL 3422186, at *2-3 (D. Conn. Nov. 28, 2006) (holding that state robbery conviction precluded early release).

Olivieri has failed to show that the denial of early release for completion of the RDAP was an abuse of discretion.  Accordingly, her petition must be denied.

**III.    Conclusion**

The petition for writ of habeas corpus [**Doc. #1**] is **DENIED**.  The Clerk is directed to enter judgment and close this case.

The court concludes that Olivieri has not shown that she was denied a constitutionally or federally protected right.  Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

**SO ORDERED** this 11th day of May 2010 at Bridgeport, Connecticut.


 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge